# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT JOHNSON, | ) | Case No. 2:15-cv-02425-JCM-CWH |
| Plaintiff, | ) | |
| v. | ) | |
| WHIRLPOOL CORPORATION, | ) | **ORDER** |
| Defendant. | ) | |

Presently before the Court is Plaintiff's motion for extension of discovery deadlines (ECF No. 34), filed on December 22, 2016. Defendant filed a response (ECF No. 36) on January 5, 2017, and Plaintiff filed a reply (ECF No. 37) on January 12, 2017.

Plaintiff requests an extension to the discovery period of 120 days in order to complete the deposition of Whirlpool employee Robert Bergeth, deposition of Defendant's FRCP 30(b)(6) witness, and for the parties to agree to a stipulated protective order to further the disclosure of Defendant's confidential material. Defendant opposes the extension, arguing that Plaintiff has not been diligent in seeking discovery. Under Local Rule 26-4, an extension to the scheduling order must be supported by a showing of good cause.

Upon review of the record, it appears that the deposition of Mr. Bergeth was delayed by the parties' conflict over the location of the deposition, the holiday season, and the limited availability of counsel and Mr. Bergeth. The Court finds that Plaintiff diligently sought an acceptable date for the deposition of Mr. Bergeth, but that the above factors made the deposition impractical for both parties. Since Plaintiff will travel to Michigan in order to depose Mr. Bergeth as well as Defendant's 30(b)(6) witness, Plaintiff intends, if possible, to depose both witnesses in the same trip. It appears to the Court that the inability of the parties to agree on a date for Mr. Bergeth's deposition stymied diligent efforts toward the 30(b)(6) witness as well. Good cause exists therefore to allow the depositions.

As for the delay in agreement on a protective order, it is clear that the parties have not been able to come to an agreement, but the Court cannot determine from the briefings why that is.  The Court requires further briefing from the parties as what parts of the protective order remain in dispute, and to what extent their inability to come to agreement is inhibiting discovery.  However, since Plaintiff has not shown good cause for an extension of the discovery period to allow for the parties to agree to a protective order, the Court will not extend discovery at this time.

IT IS THEREFORE ORDERED that Plaintiff's motion to extend discovery deadlines (ECF No. 34) is GRANTED in part and DENIED in part.  The Court does not extend the discovery deadline.  Plaintiff may depose Robert Bergeth, as well as Defendant's 30(b)(6) witness, at the parties' earliest convenience, irrespective of the current discovery deadline.

IT IS FURTHER ORDERED that the parties must meet and confer and provide the Court a status report on the parties' proposed protective order no later than February 23, 2017.

DATED: February 8, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

2