PAUL S. PADDA, ESQ. *(NV Bar #10417)*
Email: *psp@paulpaddalaw.com*
JOSHUA Y. ANG, ESQ. *(NV Bar #14026)*
Email: *ja@paulpaddalaw.com*
**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROBERT JOHNSON, Individually;

       Plaintiff,

   vs.

WHIRLPOOL CORPORATION, a Foreign
Corporation;

       Defendant.

Case No. 2:15-cv-02425-JCM-CWH

### PROPOSED JOINT PRETRIAL ORDER

    Following pretrial proceedings in this case,

IT IS ORDERED:

### I.

**This is an action for:**

    This case concerns a claim of workplace retaliation alleged by Plaintiff Robert Johnson ("Plaintiff") against his former employer, the Whirlpool Corporation ("Defendant" or "Whirlpool"). Although Plaintiff's Complaint initiating this lawsuit originally alleged claims of age discrimination in addition to retaliation, the Court granted summary judgment in favor of Whirlpool on August 6, 2018 and dismissed Plaintiff's age discrimination claim. Accordingly,

the only remaining claim to be tried before a jury is Plaintiff's claim of retaliation.

Plaintiff alleges that Defendant retaliated against him when (1) he was placed on a performance improvement plan ("PIP") after he complained to his supervisor about discrimination and (2) when he was terminated from employment after he filed a charge with the Equal Employment Opportunity Commission ("EEOC") and sent a settlement demand letter to Defendant alleging discrimination.

The damages Plaintiff seeks in this case are as follows:

a. Past salary loss, past variable pay loss, stress leave pay loss, contests/bonus loss, past employee benefits loss, future wage and benefits loss, and damages for reduction in value of life and pre-judgment interest;

b. Compensatory damages and all other damages permitted by law, according to proof, to be determined at time of trial;

c. Punitive damages, according to proof to be determined at time of trial;

d. Attorney's fees, expenses and costs of suit; and

e. Such other and further relief as the Court may wish to entertain.

Defendant denies Plaintiff's allegations and denies that he is entitled to any relief whatsoever.

**II.**

**Statement of jurisdiction:**

The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff initially asserted claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.* and a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**III.**

**The following facts are admitted by the parties and require no proof:**

1. Plaintiff Robert Johnson's date of birth is February 16, 1948.

2. Plaintiff commenced employment with Whirlpool in 1978.

3. Robert Bergeth ("Bergeth") became Plaintiff's supervisor in 2012.

4. On September 10, 2015 Plaintiff filed a formal charge of discrimination with the EEOC and requested a dismissal and notice of right to sue letter.

5. Plaintiff was informed he was terminated from employment during a meeting with Robert Bergeth on September 15, 2015.

**IV.**

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

None.  However, the parties (though not required to do so by the local rules) are hereby providing a summary of the facts each side expects to establish at trial.  The lists below are not meant to be exhaustive but rather provide a detailed illustration of the facts from each party's perspective.

**A.  Plaintiff's Facts and Contentions:**

1. At the time of Plaintiff's termination in 2015, he had worked for Defendant for approximately 37 years.

2. Plaintiff was a model employee who received various honors and awards over the years.

3. Plaintiff was promoted several times over the years, finally reaching the position of National Account Sales Manager on or about 1998.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

4. Plaintiff's performance in this position was consistently stellar; for example, he was Whirlpool's National Account Executive of the Year in 2005.

5. Plaintiff was performing his employment duties satisfactorily until early to mid-2012, when Whirlpool underwent reorganization. Many senior employees were asked to retire and given severance packages. Plaintiff was not subjected to a lay-off at the time, despite his age, because he was bringing in too much money for Whirlpool. Plaintiff received excellent performance reviews for the years 2010, 2011 and 2012 while under the supervision of Kellene G. Safis.

6. Plaintiff managed the Whirlpool accounts for many different home builders, and had a good relationship with all of them. Ms. Safis told Plaintiff he was a very valuable asset to the company.

7. Bergeth became Plaintiff's direct supervisor around this timeframe (2012) and remained Plaintiff's supervisor until Plaintiff's termination.

8. In 2014, Plaintiff received his first ever (frivolous) negative performance review from Bergeth, for the year of 2013. Plaintiff disagreed with this performance review and did not sign it.

9. From 2010 to 2012, Plaintiff had received positive performance reviews from his supervisors.

10. On or about March 3, 2015, Plaintiff received another frivolous negative performance review from Bergeth, for the year of 2014. Again, Plaintiff did not agree with this review and did not sign it.

11. Bergeth placed Plaintiff on a PIP on March 4, 2015.

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12. The PIP set arbitrary, unattainable goals for Plaintiff. Bergeth did not sign the PIP or the other disciplinary actions.

13. Being placed on a PIP reinforced Plaintiff's reasonable belief that he was being targeted for dismissal because of his age.

14. While Bergeth readily placed Plaintiff on a PIP, there were constant complaints, in writing even, about the performance of a significantly younger, similarly situated employee named Jason Wade from executive(s) at Pulte Homes, one of Whirlpool's biggest accounts at the time.

15. Despite these complaints, Mr. Wade was never put on a PIP by Bergeth but was instead allowed to take classes.

16. Indeed, prior to being placed on a PIP, Bergeth engaged Plaintiff in a conversation (in approximately November 2014) in which he raised the possibility of Plaintiff retiring citing his age and telling him that he should consider leaving before things "got messy." Bergeth also told Plaintiff at this time that he should be home enjoying life.

17. In approximately late February 2015, before being placed on a PIP, Bergeth engaged Plaintiff in a conversation in which he proposed that Plaintiff could train his replacement and retire from the company. Bergeth also told Plaintiff that he could either voluntarily choose to retire or be coached out of his position through a PIP.

18. Plaintiff understood Bergeth to be saying that the groundwork had already been laid through two years of poor performance reviews and that Plaintiff was being

set up to be fired.  Plaintiff was stunned at the time and told Bergeth that he believed he was being subjected to discrimination based upon his age.

19. Approximately 8 days after being placed on a PIP, or March 12, 2015, Plaintiff sent Bergeth an email in which he proposed a "Win Win" for both parties.

20. Bergeth responded on May 1, 2015 with an email in which he stated Plaintiff could choose to retire or remain on a PIP which would be "critical to continued employment with Whirlpool."

21. Following receipt of this email, Plaintiff became concerned for his employment and well-being and contacted the EEOC and filled out a questionnaire on May 11, 2015 in which he alleged discrimination.

22. On May 15, 2015, Plaintiff communicated with Bergeth and again expressed his opinion that he was being set up for failure and termination because of his age.

23. On or about May 19, 2015, Plaintiff sent an email complaining about discrimination, harassment and retaliation, among other things to Whirlpool's office of human resources.

24. Plaintiff also lodged a formal complaint of discrimination with Defendant on or about May 26, 2015 and notified Defendant that he had contacted EEOC for the purpose of making a complaint.

25. Defendant's human resources department subsequently notified Plaintiff that they could not substantiate his complaint of discrimination.

26. A demand letter was sent by Plaintiff's attorneys on July 15, 2015 to Whirlpool's CEO and General Counsel alleging age discrimination and retaliation.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

27. Plaintiff filed a charge of discrimination with the EEOC on or about September 10, 2015, alleging age discrimination and retaliation.

28. Between September 10, 2015 and September 15, 2015 Whirlpool received notice of Plaintiff's EEOC charge of discrimination.

29. After receiving notice of Plaintiff's EEOC charge of discrimination, Whirlpool decided to terminate Plaintiff's employment.

30. On September 15, 2015 Plaintiff met with Marybeth Miles (from HR) and Robert Bergeth.  He was verbally informed by Bergeth at that meeting that he was being terminated from his employment with Whirlpool.  Prior to this meeting, Bergeth kept it a secret from Plaintiff that he was going to be terminated.  Instead, he told Plaintiff he wanted to meet with him to discuss how he could improve his performance.

31. On September 16, 2015 Bergeth sent Plaintiff email notification that his employment with Whirlpool was terminated effective October 1, 2015.

32. On or about September 25, 2015, Plaintiff received a dismissal and notice of right to sue letter from the EEOC.

33. Plaintiff engaged in various efforts to secure new employment after being terminated by Defendant.  He made inquiries at more than 10 potential employers.

34. Plaintiff secured new employment with Hubbell Lighting, Inc. beginning on or about August 7, 2016.

35. However, Plaintiff's position at Hubbell Lighting was eliminated and he was again let go, on or about March 14, 2017, less than a year after being hired.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

36. Per Plaintiff's economic expert, Dr. Terrence M. Clauretie, Plaintiff's economic losses currently stand at approximately $1,030,881 to $1,506,483.

**B. Defendant's Facts and Contentions:**

1. Plaintiff (DOB: February 16, 1948) was an employee of Defendant from 1978 until he was terminated on September 15, 2015 for unsatisfactory work performance.

2. On or about March 19, 1998, Plaintiff became a Senior Sales Manager for Whirlpool (a.k.a. National Accounts Sales Manager) and held that position until his termination.

3. As a National Account Sales Manager/Senior Sales Manager, Plaintiff was responsible for obtaining national account business and servicing that business, including managing customer relationships with Whirlpool.

4. The Senior Sales Manager position continually changed during the time Plaintiff held that position, including increased expectations and demands of customers on that position.

5. During the last two years of his employment with Whirlpool, Plaintiff managed accounts for clients including KB Home, Meritage Homes, Standard Pacific Homes (now CalAtlantic Homes), William Lyons Homes, Shea Homes, and others.

6. Bergeth became Plaintiff's direct supervisor in 2012 and remained his supervisor until Plaintiff's termination on September 15, 2015.

7. In or around March 2014, Bergeth delivered to Plaintiff his performance evaluation for 2013 and rated his overall performance for 2013 as "Results Need

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

to Be Improved."  Bergeth's primary work performance concerns with Plaintiff were problem resolution and ownership of key role responsibilities.

8. Bergeth had previously given Plaintiff a mid-year rating for 2013 of "Results Need to Be Improved."

9. In March of 2015, Bergeth delivered to Plaintiff his performance evaluation for 2014.  Bergeth again rated Plaintiff's overall performance for 2014 as "Results Need to Be Improved."

10. Bergeth had also previously rated Plaintiff's performance as "Results Need to Be Improved in his mid-year evaluation for 2014.

11. In 2014, Plaintiff lost the Shea Homes account resulting in a $9,000,000 loss to Whirlpool.  Plaintiff also lost a second account in 2014.

12. Bergeth later gave Plaintiff a mid-year performance evaluation for 2015 where Bergeth rated Plaintiff as "Results Need To Be Improved."  The review detailed Plaintiff's continuing performance issues including, but not limited to, providing detailed examples of his continued failure to exercise appropriate ownership and management of his account responsibilities.

13. On March 3, 2015, Whirlpool issued Plaintiff a Formal Coaching Discussion Action Plan documenting his inadequate performance.  The discipline noted that Plaintiff had not adequately taken ownership of a plan to handle Shea Homes' transition from Defendant to a competitor, including by changing out Whirlpool appliances at model homes and design centers.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

14. On March 3, 2015, Plaintiff also received a Formal Coaching Discussion & Action Plan for inadequate performance because he mishandled the process of ordering appliances for the chief executive officer of one of his accounts.

15. On March 4, 2015, Plaintiff received a third Formal Coaching Discussion Action Plan for inadequate performance.

16. On March 4, 2015, Defendant placed Plaintiff on a PIP for his continuing work performance issues.

17. Plaintiff did not complain of discrimination or retaliation during any of Bergeth's discussions with him regarding the Formal Coaching Discussion and Action Plans. Plaintiff's age did not come up in any of these discussions, nor was there any discussion of Plaintiff retiring.

18. On March 12, 2015, Plaintiff proposed to Bergeth that he be taken off the PIP, that he retire from Defendant on a mutually agreeable date, and that Defendant pay him a "buyout." Later in March, Bergeth informed Plaintiff that Defendant would not agree to pay him in a buyout for his retiring.

19. In May 2015, Plaintiff lodged an internal complaint of discrimination with Defendant and complained of age discrimination, harassment, and retaliation.

20. Defendant later communicated to Plaintiff that his allegations were investigated but could not be substantiated.

21. On July 15, 2015, Plaintiff's attorneys sent a settlement demand letter to Defendant alleging that he was being subjected to age discrimination.

22. On September 10, 2015, Plaintiff submitted his Charge of Discrimination to the EEOC claiming age discrimination and harassment.

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

23. On September 15, 2015, Bergeth terminated Plaintiff's employment, effective September 30, 2015, for unsatisfactory work performance. Bergeth terminated Plaintiff solely because of his unsatisfactory work performance, which did not sufficiently improve, despite being given unsatisfactory performance reviews, three Formal Coaching Discussion & Action Plans, being placed on a performance improvement plan and being provided with formal and informal coaching to assist him in improving his performance.

24. Plaintiff testified that he holds no ill feelings towards Bergeth, that there's nothing wrong with Bergeth, that Bergeth's "really a good person," and that Bergeth held no animus towards him.

### V.

**The following are the issues of fact to be tried and determined at trial.**

**Plaintiff:** The following is a statement of factual issues from Plaintiff's perspective that are central to the outcome of this case. For a more comprehensive list of alleged facts, see Plaintiff's facts and contentions above.

1. Whether Plaintiff was performing his job satisfactorily at the time when he was first put on a PIP.

2. Whether Defendant illegally discriminated against Plaintiff on the basis of age.

3. Whether Plaintiff reasonably believed that Defendant had discriminated against him on the basis of age.

4. The extent of compensatory and other damages to be awarded to Plaintiff including but not limited to punitive damages.

5. Whether Defendant kept Plaintiff on a PIP in retaliation for Plaintiff engaging in protected activity.

6. Whether Defendant put Plaintiff on a PIP as retaliation for Plaintiff engaging in protected activity.

7. Whether Plaintiff made complaints constituting protected activity, or engaged in other protected activity, prior to being put on a PIP and subsequent to being put on a PIP, and prior to being terminated.

8. Whether Plaintiff belonged to a protected class.

9. Whether Plaintiff engaged in protected activity prior to being terminated.

10. Whether Plaintiff was terminated by Defendant in retaliation for engaging in protected activity.

11. Credibility of witnesses.

**Defendant:** The following is a statement of factual issues from Defendant's perspective that are central to the outcome of this case. For a more comprehensive list of alleged facts, see Defendant's facts and contentions above.

1. Whether Plaintiff complained about discrimination or engaged in protected activity in November 2014, February 2015, or any other time.

2. Whether Plaintiff's PIP or termination were in retaliation for Plaintiff engaging in protected activity.

3. Whether Defendant had knowledge of Plaintiff's EEOC charge of discrimination when it made the decision to terminate his employment.

4. Whether Plaintiff has mitigated his alleged damages.

5. Credibility of witnesses.

**VI.**

**The following are issues of law to be tried and determined at trial.**

**Plaintiff:**

1. Whether Defendant subjected Plaintiff to adverse employment actions;

2. Whether Defendant subjected Plaintiff to adverse employment actions because of protected activity such as complaints of age discrimination and/or retaliation.

3. Whether Defendant took adverse employment action against Plaintiff because he complained about actions of Defendant which he reasonably believed were discriminatory.

4. Whether Defendant retaliated against Plaintiff by taking adverse employment actions against Plaintiff because Plaintiff complained about age discrimination and retaliation.

5. Whether Defendant has articulated a legitimate, non-discriminatory reason for adverse employment actions against Plaintiff.

6. Whether Defendant's proffered explanation in support of adverse employment actions is pre-textual and unworthy of credence.

7. Whether Plaintiff engaged in protected activity under Title VII and/or the ADEA and whether there is a casual link between the protected activity and the adverse employment action.

**Defendant:**

    a. Whether and when Plaintiff engaged in protected activity under the ADEA.

    b. Whether Defendant placed Plaintiff on a PIP or terminated his employment in retaliation for protected activity engaged in by Plaintiff.

    c. Whether Plaintiff sufficiently mitigated any damages he may have suffered.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

A.  **The Following Exhibits Are Stipulated Into Evidence In This Case And May Be Marked By The Clerk**

With respect to all the documents identified below, no stipulations at this time. However, the parties will confer before trial and attempt to stipulate to the admission of as many exhibits as possible. The party against whom these exhibits will be offered may object to their admission upon the grounds stated: Pending the stipulations contemplated above, the parties reserve their right to object to any exhibit as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Tentative designation of the same documents or items as exhibits by both parties does not constitute a concession or agreement as to the admissibility of said documents or items, functioning merely to preserve their usability by the parties at trial per LR16-3(c).

**Plaintiff's Exhibits:**

*Documents From Plaintiff's FRCP 26 Disclosures:*

| Exhibit # | Description | Bates Stamp # |
|---|---|---|
| 1. | Nevada Equal Rights Commission/EEOC Charge of Discrimination | JOHNSON 001-002 |
| 2. | Equal Employment Opportunity Commission Dismissal and Notice of Bights | JOHNSON 003 |
| 3. | Settlement Demand prepared by the Law Offices of Mayor Joseph L. Alioto and Angela Alioto | JOHNSON 004-010 |
| 4. | Timeline of events prepared by Plaintiff | JOHNSON 011 -017 |
| 5. | Whirlpool Formal Coaching & Action Plan | JOHNSON 018-020 |
| 6. | Email correspondence from Robert Bergeth to Plaintiff dated May 1, 2015 | JOHNSON 021 |
| 7. | Email correspondence from Robert Bergeth to Plaintiff dated May 15, 2015 | JOHNSON 022 |
| 8. | Email correspondence from Plaintiff to Marybeth Miles dated May 19. 2015 | JOHNSON 023-024 |
| 9. | Email correspondence from Plaintiff to William Schultz dated June 9, 2015 | JOHNSON 025 |
| 10. | Offer of Employment Letter to Robert Johnson from Hubbell Lighting Inc, July 28, 2016 | JOHNSON 026-028 |
| 11. | Robert Johnson's Termination Packet from Hubbell | JOHNSON 029-044 |

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

|  | Lighting |  |
|---|---|---|

*Documents From Defendant's FRCP 26 Disclosures:*

| Exhibit # | Description | Bates Stamp # |
|---|---|---|
| 12. | Notices of Charge of Discrimination | WPC000001 - WPC000002 |
| 13. | Charge of Discrimination | WPC000003 |
| 14. | Dismissal and Notice of Rights | WPC000004 |
| 15. | 2013 Performance Management Plan | WPC000005 - WPC000010 |
| 16. | 2014 Performance Management Plan | WPC000011 - WPC000016 |
| 17. | 2015 Mid-Year Performance Management Plan | WPC000017 - WPC000022 |
| 18. | Performance Improvement Plan and Coaching Discussions | WPC000023 - WPC000031 |
| 19. | Email correspondence dated March 12, 2015 | WPC000032 - WPC000033 |
| 20. | Plaintiff's Personnel Records | WPC000034 - WPC000208 |
| 21. | Performance Coaching Process | WPC000209 - WPC000212 |
| 22. | Termination Process for Supervisors | WPC000213 - WPC000219 |
| 23. | Correspondences by/between Robert Bergeth and Plaintiff regarding Performance. | WPC000220 - WPC000244 |
| 24. | Benefits Detail for Plaintiff | WPC000245 - WPC000246 |
| 25. | Group Sales and Distribution Excellence Award Nomination | WPC000247 |
| 26. | FOIA Response Regarding Charge No. 487-2015-00719 | WPC000248 - WPC000295 |
| 27. | Sample Formal Coaching Discussion & Action Plan | WPC000296 - WPC000297 |
| 28. | Correspondence between Robert Bergeth and Plaintiff Regarding performance. | WPC000298 |
| 29. | Notice of Termination | WPC000299 |
| 30. | Whirlpool Code of Ethics | WPC000300 - WPC000316 |
| 31. | Whirlpool Equal Opportunity Policy | WPC000317 |
| 32. | Whirlpool Non-Discrimination and Anti-Harassment Policy | WPC000318 - WPC000321 |
| 33. | Whirlpool Open Door Communications Policy | WPC000322 |
| 34. | Whirlpool Separation from Employment Policy | WPC000323 - WPC000324 |
| 35. | 2010 Performance Rating for Plaintiff | WPC000325 |
| 36. | 2011 PMP for Plaintiff | WPC000326 - WPC000329 |
| 37. | 2012 PMP for Plaintiff | WPC000330 - WPC000333 |
| 38. | National Sales Manager Job Description | WPC000334 |
| 39. | Documents concerning investigation | WPC000335 - WPC000403 |
| 40. | Email Correspondences | WPC000404 - WPC000411 |

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

*The Parties' Expert Disclosures And Associated Documents:*

| Exhibit # | Description | Bates Stamp # |
|---|---|---|
| 41. | Plaintiff's Disclosure Of Expert Witnesses And Documents (and all documents attached thereto): | N/A |
| 42. | • Curriculum Vitae of Terrence M. Clauretie, Ph.D. | R.JOHNSON EXP 00000001 - R.JOHNSON EXP 00000008 |
| 43. | • Dr. Clauretie's Lists of Cases | R.JOHNSON EXP 00000009 - R.JOHNSON EXP 00000029 |
| 44. | • Dr. Clauretie's Fee Schedule | R.JOHNSON EXP 00000030 |
| 45. | • Dr. Clauretie's Expert Report | R.JOHNSON EXP 00000031 - R.JOHNSON EXP 00000043 |
| 46. | Plaintiff's First Supplemental Disclosure Of Expert Witnesses And Documents (and all documents attached thereto): | N/A |
| 47. | • Curriculum Vitae of Terrence M. Clauretie, Ph.D. (Updated) | R.JOHNSON EXP 00000044 - R.JOHNSON EXP 00000051 |
| 48. | • Dr. Clauretie's Lists of Cases (Updated) | R.JOHNSON EXP 00000052 - R.JOHNSON EXP 00000072 |
| 49. | Plaintiff's Second Supplemental Disclosure Of Expert Witnesses And Documents (and all documents attached thereto): | N/A |
| 50. | • Dr. Clauretie's Supplemental Expert Report | R.JOHNSON EXP 00000073 - R.JOHNSON EXP 00000084 |
| 51. | Plaintiff's Third Supplemental Disclosure Of Expert Witnesses And Documents (and all documents attached thereto): | N/A |
| 52. | • Dr. Clauretie's Second Supplemental Expert Report | R.JOHNSON EXP 00000085 - R.JOHNSON EXP 00000097 |

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

| 53. | Defendant's Rebuttal Expert Witness Disclosure Pursuant To FRCP 26(A)(2) (and all documents attached thereto):<br>• **Exhibit A**- CV of Thomas M. Carroll, Ph. D.<br>• **Exhibit B**- Prior testimony list of Thomas M. Carroll, Ph. D.<br>• **Exhibit C**- Fee Schedule of Thomas M. Carroll, Ph.D.<br>• **Exhibit D**- Rebuttal Expert Report of Thomas M. Carroll, Ph.D. | WPC000245 - WPC000246 |
| --- | --- | --- |
| 54. | Defendant's Supplemental Rebuttal Expert Witness Disclosure Pursuant To FRCP 26(A)(2) (and all documents attached thereto):<br>• Supplemental Rebuttal Expert Report of Thomas M. Carroll, Ph.D. | N/A |

*Written Discovery Responses And Documents Disclosed Therewith:*

| Exhibit # | Description | Bates Stamp # |
| --- | --- | --- |
| 55. | Plaintiff Robert Johnson's Responses To Defendant's 1st Request For Production Of Documents (and all documents attached thereto): | N/A |
| 56. | • Plaintiff's Social Security Benefits Information | R.JOHNSON DP 00000001-R.JOHNSON DP 00000002 |
| 57. | • Plaintiff's CV | R.JOHNSON DP 00000003-R.JOHNSON DP 00000004 |
| 58. | • Plaintiff's Job Application Related Emails | R.JOHNSON DP 00000005-R.JOHNSON DP 00000017 |
| 59. | • Unfavorable Online Materials/Reviews/Articles Regarding Defendant By Former Employee(s) | R.JOHNSON DP 00000018-R.JOHNSON DP 00000036; R.JOHNSON DP 00000043-R.JOHNSON DP 00000046 |
| 60. | • 2012/2015 Emails Regarding Various Circumstances Surrounding Plaintiff's Employment At Whirlpool | R.JOHNSON DP 00000037-R.JOHNSON DP 00000042 |
| 61. | • Various Notes | R.JOHNSON DP 00000047-R.JOHNSON DP 00000051 |
| 62. | • Various Employment Related Internal Whirlpool Emails | R.JOHNSON DP 00000052-R.JOHNSON DP 00000053; R.JOHNSON DP 00000060-R.JOHNSON DP 00000076; R.JOHNSON DP 00000082- |

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

| | | | R.JOHNSON DP 00000091 |
|---|---|---|---|
| 63. | • | Investigation Process- Statement of Plaintiff | R.JOHNSON DP 00000054-<br>R.JOHNSON DP 00000056 |
| 64. | • | Formal Coaching Discussion & Action Plans | R.JOHNSON DP 00000057-<br>R.JOHNSON DP 00000059;<br>R.JOHNSON DP 00000077-<br>R.JOHNSON DP 00000081 |
| 65. | • | Plaintiff's Performance Improvement Notes | R.JOHNSON DP 00000092-<br>R.JOHNSON DP 00000104 |
| 66. | • | EEOC Documents | R.JOHNSON DP 00000105-<br>R.JOHNSON DP 00000108;<br>R.JOHNSON DP 00000158-<br>R.JOHNSON DP 00000160 |
| 67. | • | Documents Regarding Plaintiff's Health Insurance | R.JOHNSON DP 00000109-<br>R.JOHNSON DP 00000110 |
| 68. | • | Plaintiff's 2011-2015 W-2s from Whirlpool | R.JOHNSON DP 00000111-<br>R.JOHNSON DP 00000113 |
| 69. | • | Plaintiff's Preliminary Rough Self-Estimate of Monetary Damages | R.JOHNSON DP 00000114 |
| 70. | • | Awards/Articles Honoring Plaintiff | R.JOHNSON DP 00000115-<br>R.JOHNSON DP 00000128 |
| 71. | • | Plaintiff's 2013 Whirlpool Compensation Statement | R.JOHNSON DP 00000129-<br>R.JOHNSON DP 00000132 |
| 72. | • | Documents Regarding Estate of Minnie Johnson, et. al. v. Willow Creek at San Martin Assisted Living, LLC | R.JOHNSON DP 00000133-<br>R.JOHNSON DP 00000157 |
| 73. | • | Various Authorizations Produced to Defendants | R.JOHNSON DP 00000161-<br>R.JOHNSON DP 00000165 |
| 74. | | Plaintiff's Responses To Defendant's First Set Of Interrogatories To Plaintiff | N/A |
| 75. | | Defendant's Responses To Plaintiff's First Request For Admissions | N/A |
| 76. | | Defendant's Responses To Plaintiff's First Requests For Production | N/A |
| 77. | | Defendant's Responses To Plaintiff's First Set Of Interrogatories | N/A |
| 78. | | Defendant's Responses To Plaintiff's Second Requests For Production | N/A |
| 79. | | Defendant's Responses To Plaintiff's Third Set Of Revised Requests For Admissions | N/A |
| 80. | | Defendant's Responses To Plaintiff's Third Set Of Revised Interrogatories | N/A |
| 81. | | Defendant's Responses To Plaintiff's Third Set Of Revised Requests For Production | N/A |
| 82. | | Defendant's Supplemental Responses To Plaintiff's | N/A |

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

|  | Third Set Of Revised Requests For Production |  |

*Deposition Transcripts And Exhibits Thereto:*

| Exhibit # | Description | Bates Stamp # |
|---|---|---|
| **83.** | Transcript of Deposition of Robert Johnson (and all associated Exhibits as follows):<br>• **Exhibit A-** Plaintiff's Responses to Defendant's First Set of Interrogatories to Plaintiff<br>• **Exhibit B-** 2013 PMP for Robert James Johnson, Bates WPC000005 to 10<br>• **Exhibit C-** Formal Coaching Discussion & Action Plan<br>• **Exhibit D-** E-Mail From Robert Johnson to Robert Bergeth, dated March 12, 2015, Bates WPC000032 to 33<br>• **Exhibit E-** Response to EEOC Questionnaire<br>• **Exhibit F-** Intake Notes<br>• **Exhibit G-** Investigation Process - Statement with Addendums<br>• **Exhibit H-** Letter to Mr. Fettig and Ms. Hewitt dated July 15, 2015, Bates Johnson 004 to 010<br>• **Exhibit I-** Charge of Discrimination, Bates Johnson 001<br>• **Exhibit J-** Timeline of Events, E-mails, Conversations, and Other Communications, Bates Johnson 011 to 025<br>• **Exhibit K-** Memo to Cynthia Wilson from Robert Johnson dated August 31, 2015 with Attachments<br>• **Exhibit L-** Handwritten Notes, Bates 210 R.Johnson DP 50 and 49<br>• **Exhibit M-** Plaintiff Robert Johnson's Responses to Defendant's First Request for Production of Documents<br>• **Exhibit N-** Plaintiff Robert Johnson's Initial FRCP 26 Initial Witness and Document Disclosure<br>• **Exhibit O-** E-Mail String, Bates R.Johnson DP 00000040 to 91<br>• **Exhibit P-** New Job Posting Template, | N/A |

19

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

| | | |
|---|---|---|
| | Bates WPC000334 | |
| 84. | Transcript of Deposition of Whirlpool's Person Most Knowledgeable, Jocelyn Zappala (and all associated Exhibits as follows):<br>• **Exhibit 100**- Notice of Deposition<br>• **Exhibit 101**- Complaint with Jury Demand<br>• **Exhibit 102**- WPC300-324, Code of Ethics<br>• **Exhibit 103**- WPC209-219, Performance Coaching<br>• **Exhibit 104**- WPC335-403, Packet of Documents | N/A |
| 85. | Transcript of Deposition of Robert Bergeth (and all associated Exhibits as follows):<br>• **Exhibit 200**- Notice of Deposition<br>• **Exhibit 201**- Complaint with Jury Demand<br>• **Exhibit 202**- Group Sales & Distribution Excellence Award, news articles<br>• **Exhibit 203**- WPC325-022, Whirlpool performance Rating<br>• **Exhibit 204**- WPC335-403, Packet of Documents<br>• **Exhibit 205**- WPC000299, 9-16-15 Termination Notice e-mail | N/A |

**Defendant's Exhibits:**

1. 2010 Performance Rating Form (WPC000325)

2. 2011 PMP (WPC000326-329)

3. 2012 PMP (WPC000330-333)

4. 2013 PMP (WPC000005-10)

5. 2014 PMP (WPC000011-16)

6. 2015 PMP (WPC000017-22)

7. 3/3/15 Formal Coaching Discussion & Action Plan (WPC000026-27)

8. 3/3/15 Formal Coaching Discussion & Action Plan (WPC000030-31)

9. 3/4/15 Formal Coaching Discussion & Action Plan (WPC000023-25)

10. 3/4/15 Formal Coaching Discussion & Action Plan (WPC000028-29)

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

11. 3/12/15 Email from Plaintiff to Bergeth (WPC000032-33)

12. U.S. EEOC intake form (WPC000277-290)

13. Investigation Process – Statement by Plaintiff (Exhibit G to Plaintiff's deposition)

14. Robert J. Johnson vs. Whirlpool Corporation Time line of events, emails, conversation, and other communications (Exhibit J to Plaintiff's deposition)

15. Plaintiff's Charge of Discrimination (WPC000269)

16. EEOC documents (WPC000251-252, WPC000256, and WPC000273-276)

17. March 3, 2015 email communication (WPC000298)

18. March 6, 2105 email communication (WPC000220)

19. June 23, 2015 email communication (WPC000221-222)

20. June 19, 2015 email communication (WPC000223-226)

21. July 9, 2015 email communication and Performance Improvement – Notes (WPC000227-236)

22. Various email communications relating to the termination meeting (WPC000404-411)

23. September 15, 2015 email communication and Performance Improvement – Notes (WPC000237-242)

24. September 16, 2015 email communication (WPC000299)

25. Email communication dated March 3, 2015 (WPC000243-244)

26. Whirlpool Equal Opportunity Policy (WPC000317)

27. Whirlpool Non-Discrimination and Anti-Harassment Policy (WPC000318-321)

28. Investigation report and associated documents (WPC000344-403)

29. National Sales Manager Job Description (WPC000334)

30. Defendant's Rebuttal Expert Witness Disclosure Pursuant to FRCP 26(A)(2)

31. Defendant's Supplemental Rebuttal Expert Witness Disclosure Pursuant to FRCP 26(A)(2)

**B. <u>As To The Following Additional Exhibits, The Parties Have Reached The Stipulations Stated:</u>**

(1) **Plaintiff's Exhibits**- As mentioned above, no stipulations at this time. However, the parties will confer before trial and attempt to stipulate to the admission of as many exhibits as possible. The party against whom the foregoing exhibits will be offered may object to their admission upon the grounds stated: Pending the stipulations contemplated above, the parties reserve their right to object to any exhibit as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Tentative designation of the same documents or items as exhibits by both parties does not constitute a concession or agreement as to the admissibility of said documents or items, functioning merely to preserve their usability by a party at trial per LR16-3(c).

(2) **Defendant's Exhibits**- As mentioned above, no stipulations at this time. However, the parties will confer before trial and attempt to stipulate to the admission of as many exhibits as possible. The party against whom the foregoing exhibits will be offered may object to their admission upon the grounds stated: Pending the stipulations contemplated above, the parties reserve their right to object to any exhibit as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Tentative designation of the same documents or items as exhibits by both parties does not constitute a concession or agreement as to the admissibility of said documents or items, functioning merely to preserve their usability by a party at trial per LR16-3(c).

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

C. **As To The Following Exhibits, The Party Against Whom The Same Will Be Offered Objects To Their Admission On The Grounds Stated:**

(1) **Plaintiff's Exhibits**- As stated above, pending the stipulations to the parties' exhibits contemplated above, the parties reserve their right to object to any exhibit as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Tentative designation of the same documents or items as exhibits by both parties does not constitute a concession or agreement as to the admissibility of said documents or items, functioning merely to preserve their usability by a party at trial per LR16-3(c).

(2) **Defendant's Exhibits**- As stated above, pending the stipulations to the parties' exhibits contemplated above, the parties reserve their right to object to any exhibit as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Tentative designation of the same documents or items as exhibits by both parties does not constitute a concession or agreement as to the admissibility of said documents or items, functioning merely to preserve their usability by a party at trial per LR16-3(c).

D. **Electronic Evidence:**

The parties anticipate utilizing the court's electronic evidence display system. The parties do not anticipate utilizing natively electronic evidence but will be displaying PDFs electronically. This includes the presentation of PDFs electronically to the jury for deliberations. The parties will coordinate with the courtroom administrator as contemplated by the Local Rules.

E. **Depositions:**

(1) **Plaintiff will offer the following depositions**- None at this time. Plaintiff reserves the right to utilize all deposition transcripts and exhibits for impeachment purposes, depending on and based on the specific testimony of witnesses at trial. Plaintiff further reserves the right to update this category should a witness be "unavailable" to testify at trial or otherwise.

23

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

(2) **Defendant will offer the following depositions**- The only deposition testimony Defendant intends to offer would be for impeachment purposes only.  The specific deposition testimony offered for impeachment would be based on what the witness testifies to at trial.  Defendant reserves the right to update this category if a witness is "unavailable" to testify at trial or otherwise.

F.  **Objections to Depositions:**

(1) **Plaintiff objects to Defendant's depositions as follows**- Not applicable at this time. However, Plaintiff reserves the right to object should Defendant attempt to present or use any deposition.

(2) **Defendant objects to Plaintiff's depositions as follows**- Not applicable at this time. However, Defendant reserves the right to object should Plaintiff attempt to present or use any deposition.

## VII.

**The following witnesses may be called by the parties at trial.**

(a) **By Plaintiff**:

    1.  Robert Johnson, Plaintiff
        c/o Paul Padda Law
        4560 South Decatur Boulevard, Suite 300
        Las Vegas, Nevada 89103

    2.  Rob Byrd
        c/o Littler Mendelson, P.C.
        3960 Howard Hughes Parkway, Suite 300
        Las Vegas, Nevada 89169

    3.  Robert Bergeth
        c/o Littler Mendelson, P.C.
        3960 Howard Hughes Parkway, Suite 300
        Las Vegas, Nevada 89169

…

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

4.  Tom Arent
    c/o Littler Mendelson, P.C.
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

5.  Sam Abdelnour
    c/o Littler Mendelson, P.C.
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

6.  Jason Wade
    c/o Littler Mendelson, P.C.
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

7.  Marybeth Miles
    c/o Littler Mendelson, P.C.
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

8.  William Schultz
    c/o Littler Mendelson, P.C.
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

9.  Jeff Fettig
    c/o Littler Mendelson, P.C.
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

10. Dr. Alan J. Stahl, PC
    653 N Town Center Dr # 400
    Las Vegas, NV 89144
    Phone: (702) 765-5793

11. Jeffrey T. Mezger
    KB Homes
    10990 Wilshire Blvd.
    Los Angeles, CA 90024
    Phone (310) 231-4000

12. Steve Hilton
    Meritage Homes
    8800 E. Raintree Dr., Suite 300
    Scottsdale, AZ 85260
    Phone (480) 515-8100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

13. Dan Bridelman
    KB Homes
    10990 Wilshire Blvd.
    Los Angeles, CA 90024
    Phone (310) 231-4000

14. John Hughes
    KB Homes
    10990 Wilshire Blvd.
    Los Angeles, CA 90024
    Phone (310) 231-4000

15. Kelly Alamonte
    Equity Residential
    6100 Center Drive, Suite 750
    Los Angeles, CA 90045
    (424) 732-4200

16. Royal Erickson
    Meritage Homes
    8800 E. Raintree Dr., Suite 300
    Scottsdale, AZ 85260
    Phone (480) 515-8100

17. Sabrina Johnson, Plaintiff's Wife
    c/o Paul Padda Law
    4560 South Decatur Boulevard, Suite 300
    Las Vegas, Nevada 89103

18. Tom Halford
    Samsung Electronics America
    85 Challenger Road
    Ridgefield Park
    New Jersey 07660

19. Kelly Hansen
    Pulte Homes
    3350 Peachtree Rd NE
    Atlanta, Georgia 30326

20. Kellene Safis
    c/o Littler Mendelson, P.C.
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

...

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

21. Neal Butler
c/o Littler Mendelson, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada 89169

22. Thomas M. Carroll, Ph.D.
Thomas Carroll and Associates, Ltd.
2470 St. Rose Parkway, Suite 209
Henderson, NV 89074

23. Terrence M. Clauretie, Ph.D.
Professor Emeritus, University of Nevada Las Vegas
217 Palmetto Pointe Dr.
Henderson, NV 89012

24. Cynthia Wilson
U.S Equal Employment Opportunity Commission
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101

In addition to the foregoing witnesses, Plaintiff reserves the right to call on witnesses listed or called by any other party.

(b) **By Defendant**:

1. Robert Johnson, c/o Paul Padda Law, Ruth L. Cohen, Esq., Paul S. Padda, Esq., 4560 South Decatur Boulevard, Suite 300, Las Vegas, Nevada 89103.

2. Robert Bergeth, c/o Littler Mendelson, P.C., Michael A. Wilder, Esq., Wendy Medura Krincek, Esq., Marcus B. Smith, Esq., 3960 Howard Hughes Parkway, Ste. 300, Las Vegas NV, 89169.

3. Marybeth Miles, c/o Littler Mendelson, P.C., Michael A. Wilder, Esq., Wendy Medura Krincek, Esq., Marcus B. Smith, Esq., 3960 Howard Hughes Parkway, Ste. 300, Las Vegas NV, 89169.

4. Neal Butler, c/o Littler Mendelson, P.C., Michael A. Wilder, Esq., Wendy Medura Krincek, Esq., Marcus B. Smith, Esq., 3960 Howard Hughes Parkway, Ste. 300, Las Vegas NV, 89169.

5. William Schultz, c/o Littler Mendelson, P.C., Michael A. Wilder, Esq., Wendy Medura Krincek, Esq., Marcus B. Smith, Esq., 3960 Howard Hughes Parkway, Ste. 300, Las Vegas NV, 89169.

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

6.  Robert Byrd, c/o Littler Mendelson, P.C., Michael A. Wilder, Esq., Wendy Medura Krincek, Esq., Marcus B. Smith, Esq., 3960 Howard Hughes Parkway, Ste. 300, Las Vegas NV, 89169.

7.  Kellene Safis, c/o Littler Mendelson, P.C., Michael A. Wilder, Esq., Wendy Medura Krincek, Esq., Marcus B. Smith, Esq., 3960 Howard Hughes Parkway, Ste. 300, Las Vegas NV, 89169.

8.  Thomas M. Carroll, Ph.D., Thomas Carroll and Associates, Ltd., 2470 St. Rose Parkway, Suite 209, Henderson, NV 89074

In addition to the foregoing witnesses, Defendant reserves the right to call on witnesses listed or called by any other party.

## VIII.

The attorneys or parties have met and jointly offer these three trial dates:

February 5, 2019-March 1, 2019       March 18-22, 2019       March 25-29, 2019

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

…

…

…

…

…

…

…

…

…

…

**IX.**

It is estimated that the trial will take a total of 3-5 days.

**APPROVED AS TO FORM AND CONTENT:**

Dated:  October 2, 2018                        Dated:  October 2, 2018

Respectfully submitted,                        Respectfully submitted,


/s/JoshuaYAng                                  /s/MichaelAWilder
PAUL S. PADDA, ESQ.                            MICHAEL A. WILDER, ESQ.
JOSHUA Y. ANG, ESQ.                            WENDY MEDURA KRINCEK, ESQ.
**PAUL PADDA LAW, PLLC**                        MARCUS B. SMITH, ESQ.
                                               **LITTLER MENDELSON, P.C.**
*Attorneys for Plaintiff,*
ROBERT JOHNSON                                 *Attorneys for Defendant,*
                                               WHIRLPOOL CORPORATION

**X.**

**ACTION BY THE COURT**

This case is set for jury trial on the stacked calendar on **3/25/2019 at 9:00 a.m.**

Calendar call will be held on **3/20/2019 at 1:30 p.m.**

parties shall file a joint stipulation no later than 30-days before trial addressing the parties'

agreements/objections to all exhibits.

This pretrial order has been approved by the parties to this action as evidenced by their

signatures or the signatures of their attorneys hereon, and the order is hereby entered and will

govern the trial of this case. This order may not be amended except by court order and based upon

the parties' agreement or to prevent manifest injustice.

DATED: October 12, 2018
_____.

_____
UNITED STATES DISTRICT JUDGE

29

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules, the undersigned hereby certifies that on this day, October __2__, 2018, a copy of the foregoing document was served upon all registered parties and their counsel through the Court's electronic filing system (CM/ECF).

/S/
_____
An Employee of Paul Padda Law, PLLC